UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Randy Ayres,

    Petitioner,

vs.

Warden Eagleton,

    Respondent.

C/A No. 2:10-1967-JFA-RSC

Report and Recommendation

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition

filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner entered a guilty plea to the offense of assault with a deadly weapon in the DeKalb County Circuit Court in Smithville, Tennessee in 1999. *See* Petition, pages 1,5. Petitioner received a probationary sentence, however, his probation "was violated in 2001." *Id.* at 5. Petitioner states, "I am now serving an active 15 yr. sentence in South Carolina D.O.C. DeKalb Co. placed a detainer on me in 2001 but would not extradite me." *Id.* Petitioner believes he has exhausted his Tennessee state court remedies through the Interstate Agreement on Detainers Act (IADA) and by filing a writ of mandamus in the Supreme Court of Tennessee. *Id.* at 3, 6. Petitioner's writ of mandamus was denied by the Tennessee Supreme Court in an Order filed on June 23, 2010. *See* Docket Entry 1, Attachment 1. Petitioner claims the "state [of Tennessee] cannot give a valid reason for the 9 yr. delay when I have been in custody and the State of Tenn. knew I was in custody."

*See* Petition, page 8. Petitioner seeks dismissal of the Tennessee detainer "for want of prosecution." *Id.* at 14.

## Discussion

The Interstate Agreement on Detainers Act ("IADA") is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). As an initial matter, it is unclear whether Petitioner has properly invoked an IADA claim in the state courts of Tennessee. While Petitioner appears to have filed a writ of mandamus in the Tennessee Supreme Court seeking resolution of his probation violation detainer, he provides no specific information to demonstrate that he has exhausted the formal procedures of the IADA.[1] However, even assuming, without deciding, that Petitioner has properly complied with the terms of the IADA, the instant habeas claim is still subject to summary dismissal.

First, the Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir.), *cert. denied*, 474 U.S. 929 (1985)(holding that an IADA violation does not constitute a

---

[1] The IADA sets forth very clear, formal procedures through which a pre-trial petitioner must raise and exhaust his objections. 18 U.S.C. App. 2 § 2, Art. III.

fundamental defect and thus is not cognizable on federal habeas corpus review absent a showing of prejudice). *See also Reed v. Farley*, 512 U.S. 339, 352 (1994); *Fasano v. Hall*, 615 F.2d 555, 558 (1st Cir.1980) (holding violations of IADA are not fundamental defects indicating a miscarriage of justice so as to be cognizable in federal habeas proceeding); *Browning v. Foltz, 837 F.2d 276, 283 (6th cir.1988)* (holding violation of IADA does not give rise to federal habeas relief); *Reilly v. Warden, FCI Petersburg*, 947 F.2d 43, 44 (2nd Cir.1991) (holding violation of IADA not basis for federal habeas relief).

In *Kerr v. Finkbeiner*, the petitioner sought habeas corpus relief for an alleged violation of the IADA time provisions for speedy disposition of untried charges. The *Kerr* Court noted that the petitioner in that case had introduced no evidence to show that the delay in disposition caused petitioner to suffer prejudice in his incarceration or in defending against his criminal charges, and found that the case did not "'present exceptional circumstances where the need for . . . habeas corpus [was] apparent.'" *Kerr*, 757 F.2d at 607(citation omitted). Accordingly the Court held that the alleged violation of the IADA was not cognizable under 28 U.S.C. § 2254. In the present action, Petitioner alleges that the probation violation detainer has "prejudiced me by depriving me a chance to serve probation sentence concurrently." *See* Petition, page 7. However, there is no constitutional right to serve sentences concurrently. See *U.S. v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir.

2009)(finding prisoner's lost chance of serving sentences concurrently did not establish prejudice for purposes of challenging pre-indictment delay); *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001)(no constitutionally cognizable right to concurrent, rather than consecutive, sentences); *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir. 1994)(focusing on the speculative nature of a potential award of concurrent sentences). Further, as in *Kerr*, the Petitioner in this action provides no information to indicate that the delay in disposition of his Tennessee probation violation charge has prejudiced him in his present South Carolina incarceration. As such, Petitioner fails to demonstrate exceptional circumstances sufficient to warrant habeas review.

Next, even if it were assumed that Petitioner could proceed on his IADA claim, he would be entitled to no relief, because the IADA does not apply to detainers for probation violations. *See Carchman v. Nash*, 473 U.S. 716, 725-26 (1985)("A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III [of the IADA].") "Likewise, *Carchman* makes clear that there is no constitutional right to a speedy probation-revocation hearing." *Vuorela v. State of Maryland*, No. 88-7730, 1989 WL 5553 (4th Cir. Jan. 20, 1989), *citing Carchman* 473 U.S. at 731, n.10. Therefore, Petitioner's habeas claims, regarding Tennessee's failure to timely extradite

him for disposition of a probation violation charge, are subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

_____
Robert S. Carr
United States Magistrate Judge

August 11, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).