UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Ayres,<br><br>Petitioner,<br>v.<br><br>Warden Eagleton,<br><br>Respondent. | C/A No. 2:10-1967-JFA-RSC<br><br><br>ORDER |

The *pro se* petitioner, Randy Ayres, is an inmate at the South Carolina Department of Corrections serving a term of incarceration of fifteen years. He has filed a petition pursuant to 28 U.S.C. § 2254 contending that the Tennessee state court has violated the Interstate Agreement on Detainers Act (IADA) which has prejudiced the petitioner and deprived him of being able to serve his probation sentence concurrently.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the petition is subject to summary dismissal. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, and the petitioner filed timely objections to the Report. The matter thus

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

appears ripe for this court's review.

The Magistrate Judge suggests that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985) (holding that an IADA violation does not constitute a fundamental defect and thus is not cognizable on federal habeas corpus review absent a showing of prejudice). The petitioner here claims he was prejudiced because he does not have a chance to serve his Tennessee probation sentence concurrently with this South Carolina sentence. However, there is no constitutional right to serve sentences concurrently. *See United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009). The Magistrate Judge suggests that petitioner fails to demonstrate exceptional circumstances or prejudice sufficient to warrant habeas review, and this court agrees. Moreover, the IADA does not apply to detainers for probation violations.

In objecting to the Magistrate Judge's recommended disposition, the petitioner merely recants the claims made in his original petition. As such, the objections are overruled.

For all the foregoing reasons, the Report and Recommendation is incorporated herein by reference; and this action is dismissed without prejudice and without issuance and service of process. The court declines to grant a certificate of appealability in this matter.[2]

---

[2] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.

October 27, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

U.S. 473, 484 (2000)).